HONORABLE RONALD B. LEIGHTON

FILED ___ LODGED
___ RECEIVED
AUG 29 2011
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

D.C. GRANT,

                Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for Rainier
Pacific Bank,

                Defendant.

No. CV10-5320-RBL

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT
[Dkt. #35]

This matter is before the Court on Defendant FDIC's Motion for Summary Judgment. [Dkt. #35]. Pro se Plaintiff D.C. Grant is a former employee of Rainier Pacific Bank, and FDIC is Rainier's Receiver. Grant was terminated from his employment, and he sued for wrongful termination, claiming that he was fired "without just cause or compelling reason." [Complaint, Dkt. #1, at 1.]

Defendant's Motion is based on its contention that Grant was an "at will" employee, and that he acknowledged as much when he was hired, and again when he was deposed in this case. Defendant further contends that there is no evidence whatsoever supporting Plaintiff's claims that the "employee handbook" which was made part of Plaintiff's employment contained any express or implied promise of a particular treatment in a particular situation. Defendant argues that such a claim, commonly known as a "Thompson promise" claim [after *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219 (1984)] exists as a general principle, but argues that Plaintiff cannot make out such a claim here as a matter of law.

ORDER - 1

Plaintiff Grant is pro se, and the court has afforded his pleadings the liberal construction to which pro se parties are entitled. However, he has not provided any evidence in support of, and has not raised any factual or legal issue regarding the viability of, his "Thompson promise" claim. Plaintiff appears to claim that Rainier had a practice (if not a written policy) of "allowing employees to improve performance, should that be a cause for concern." He argues that the Defendant has not cooperating in providing him discovery of documents and emails which would back up his assertion that there were in fact such practices, and that they were "very well known by employees and management." He claims that the real reason he was dismissed was to give his position to another employee, and argues that he did know of and rely on Rainier's promises of specific treatment in specific situations.

But Plaintiff has not identified any such promise, even in his Opposition [Dkt. #37], much less in an affidavit or in any document. He does claim that he was promised "fair treatment," and seems to suggest that he can avoid summary judgment by claiming that he was not treated fairly.

This claim goes well beyond the bounds of *Thompson*, and would create an entirely new set of wrongful termination claims for at-will employees. This court declines to be the first to recognize such a claim. Plaintiff has not met his burden on summary judgment and Defendant's Motion for Summary Judgment [Dkt. #35] is GRANTED. Plaintiff Grant's claims against defendant are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated this 29th day of August, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE